On appellant's petition for reconsideration filed May 4, reconsideration allowed; opinion (119 Or App 36, 849 P2d 1140) modified and adhered to as modified July 14, petition for review denied October 26, 1993 (318 Or 25)

Stephen HOLMES,
*Respondent,*

*v.*

C. Mike HOLMES,
*Appellant.*

(90-15-130 CV; CA A72603)

855 P2d 1164

David B. Hydes, Canyon City, for the petition.

John U. Grove and Monahan, Grove & Tucker, Milton-Freewater, *contra.*

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Defendant Mike Holmes seeks review of our opinion in this case, 119 Or App 36, 849 P2d 1140 (1993), contending that we erred in affirming the trial court's determination of what constitutes partnership assets. We treat the petition as one for reconsideration, ORAP 9.15, and write to address defendant's contention that we erred in determining that River Ranch is a partnership asset. With some modification, we adhere to our decision.

In our opinion, we described the events that led to the transfer of the deed to River Ranch from plaintiff Steve Holmes to Mike:

> "In 1986, Steve learned of a special low interest FHA loan available for the purchase of property from a parent. In order to reduce the annual payment on the FHA mortgage from approximately $21,000 to $10,000, Steve deeded the ranch to Mike, and Mike signed an FHA mortgage for approximately $172,000. *Mike agrees that the transfer was not intended by the parties to alter Mike's interest in the ranch or to transfer an interest to him,* but that it was accomplished only so that Steve and Mike could benefit from the low interest loan. No money changed hands. Mike has not paid any money to Steve for the property. The transfer was not treated as a sale on the parties' books. Mike did not claim ranch income as his own after the transfer. There were no changes in ranch operations. Steve continued to operate the ranch, and the money from hay sales was used to pay operating and equipment loans for both Foss & Holmes and the ranch." 119 Or App at 40. (Emphasis supplied.)

We stated further:

> "Mike testified that the parties never intended that he acquire an interest in the ranch; he contends, nonetheless, that he owns it free and clear of any of Steve's obligations, primarily because he views it as compensation for the money owed him by Steve." 119 Or App at 41.

In the second argument of his petition, Mike contends that we mischaracterized his testimony concerning what the parties intended with respect to the ownership of River Ranch. Specifically, he claims that we erred in finding that he testified that the parties never intended that he acquire an interest in the ranch by reason of the low interest loan. We have

reread the testimony, and we agree that Mike did not testify that the transfer of River Ranch was not intended to alter his interest in the ranch or to transfer an interest in him. Mike made those statements only with regard to Deer Ranch. In his brief, however, Mike stated that

> "it is undisputed in this case that the reason for the sale and transfer of the River Ranch from plaintiff to defendant, at the time that it took place, was due to the fact that FHA had a program whereby if a father sold a ranch to his son, the son could obtain a mortgage at 5% interest."

We considered that statement to be a concession that the parties did not intend to effect a change in their ownership of the ranch. We agree that we read the statement too broadly. There is abundant evidence, nonetheless, to support our finding that neither Mike nor Steve intended that the transfer of River Ranch would result in Mike having sole ownership of the ranch. Mike testified that the purpose of the transfer was to obtain a lower interest loan so that they could keep their business endeavors alive. Steve testified that the transfer was made in order to reduce interest on the loan, and that it was not his intention to make Mike the sole owner of the ranch. Additionally, we have noted other evidence concerning how the parties treated ranch income on their books and for tax purposes, as well as the fact that the operation of the ranch did not change after the transfer. We adhere to our findings that the parties did not intend to effect a change in ownership of the property, and that River Ranch was a partnership asset.

Reconsideration allowed; opinion modified and adhered to as modified.